IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT D. BRIGHT,**         :<br>                              :<br>              **Petitioner,** :<br>                              :<br>        v.                    :<br>                              :<br>                              :<br>**PENNSYLVANIA BOARD OF**      :<br>**PROBATION AND PAROLE, et al.,** :<br>                              :<br>              **Respondents.** :<br>                              : | **CIVIL ACTION**<br>**NO. 14-4844** |

**ORDER**

**AND NOW**, this 14th day of January, 2015, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondents' Answer (Doc. 8), Petitioner's Reply (Doc. 9), the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. 10), Petitioner's Objections (Doc. 12), and all other responses thereto, **IT IS HEREBY ORDERED AND DECREED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner Robert D. Bright filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 18, 2014. Bright challenges the amount of backtime and credit he received on his original sentence and claims that his sentence exceeds the statutory maximum.

In the Report and Recommendation, Magistrate Judge Lynne A. Sitarski recommends that this Court deny Bright's § 2254 petition. The Report and Recommendation addresses Bright's failure to exhaust his administrative remedies, specifically that he failed to timely petition for administrative review from the Parole Board's December 13, 2013 decision recalculating his maximum sentence date to April 26, 2020. The Parole Board's Response to Bright's § 2254 petition also focuses on this shortcoming.

In his Objection to the Report and Recommendation, Bright argues that he appealed the Parole Board's decision in December 2013. He offers additional documentation indicating that he completed an "Administrative Remedies Form" on December 3, 2013 and received a Domestic Return Receipt after this form was delivered on December 9, 2013. (See Doc. 12). Additionally, with his Petition, Bright submitted to the Court a copy of a "Sentence Status Summary" from November 21, 2013, which calculated his maximum sentence date as September 23, 2019. (See Doc. 1 at 22-23). Bright also submitted an "Order to Recommit" from November 26, 2013, where the Parole Board had recalculated his maximum sentence date as April 26, 2020. (See Doc. 1 at 24-25). The Parole Board followed up on this Order to Recommit with a Notice of Board Decision letter dated December 13, 2013, again stating that Bright's maximum sentence date was April 26, 2020. (See Doc. 8-2 at 76).

2. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is

   **DISMISSED** with prejudice; and

3. There is no basis for the issuance of a certificate of appealability.

**BY THE COURT:**

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, C.J.**

---

It appears that the Administrative Remedies Form that Bright completed on December 3, 2013 was in response to the Sentence Status Summary from November 21, 2013, which miscalculated his maximum sentence date. Bright did not petition the new date issued days later on November 26, 2013 in the Parole Board's Order to Recommit. Bright also failed to challenge this new date after having received the Notice of Board Decision letter from December 13, 2013. The Notice of Board Decision Letter noted, "If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this Order." (Id.).

The Court agrees with Magistrate Judge Sitarski's conclusions in the Report and Recommendation. Bright failed to timely challenge the maximum sentence date as stated in the December 13, 2013 Notice of Board Decision letter, and consequently, failed to exhaust his administrative remedies. The Court also notes that Bright's arguments fail on the merits; the Parole Board correctly calculated his new maximum sentence date to April 26, 2020, given his parole violations and automatic forfeiture of credit for time spent at liberty on parole. See 61 Pa.C.S. § 6138.